■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY JOHNSON, Appellant. [638 NYS2d 55] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered June 24, 1992, convicting defendant, after a jury trial, of burglary in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and attempted grand larceny in the fourth degree and sentencing him to concurrent prison terms of 3 to 6 years, 2 to 4 years, 2 to 4 years, and 6 months, respectively, unanimously affirmed.

Contrary to defendant's argument, there was ample evidence that defendant lacked any license or privilege to enter the premises. An office worker left her wallet on her desk and walked down the hall to retrieve a telex. When she returned, she saw defendant standing in front of her cubicle. She asked if she could assist defendant, who stated he was looking for a company located on that floor. The woman directed defendant to the company he wanted. Ten minutes later, the custodian entered the office and noticed that the mail room door was ajar. She pushed her cart against the door to close it and saw defendant behind the door. The custodian questioned defen-

dant about his presence there but defendant did not respond. Instead, he pushed the cart and shoved the woman against a table and left. Five minutes thereafter, defendant called the office worker, told her that he had found her wallet, and demanded $200 for its return. In addition to the above testimony, there was evidence that two of the three entrances to the office always remained locked and the third entrance— the only entrance accessible to nonemployees—led to a locked interior door controlled by a receptionist. Visitors entered the interior offices only when authorized and only after the receptionist unlocked it. Further, office policy required that visitors be escorted while in the office and the victim testified that she knew defendant was not an employee. This evidence, coupled with the custodian's testimony, permitted the jury to infer that defendant lacked permission to enter the offices.

Defendant's claim that the evidence adduced at trial was insufficient to establish that he intended to permanently deprive the victim of her property is without merit. Given defendant's extortionist behavior, the conclusion that defendant intended to keep the wallet is amply supported. Concur— Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.